NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0048n.06

No. 19-1750

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jan 23, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| MUHAMMAD M. BUTT, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF MICHIGAN |
| FD HOLDINGS, LLC, d/b/a | ) | |
| FACTUAL DATA, | ) | OPINION |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

Before: GILMAN, McKEAGUE, and KETHLEDGE, Circuit Judges.

**RONALD LEE GILMAN, Circuit Judge.** Muhammad M. Butt appeals the district court's dismissal of his Amended Complaint, a decision based on his failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Butt alleges that FD Holdings, LLC, d/b/a Factual Data (FD Holdings), violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681e(b), by reporting inaccurate information and failing to maintain reasonable procedures. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

**I. BACKGROUND**

**A.    Factual background**

This case began with a bankruptcy proceeding in January 2014. Butt, represented by the same attorney who represents him in the present case, filed a petition under Chapter 7 of the Bankruptcy Code. His attorney failed to properly list Mayflower Auto Transport (Mayflower), one of Butt's creditors, on the following required bankruptcy forms: the Bankruptcy Petition

Schedule F, the Bankruptcy Court Verification of Creditor Matrix, and the Creditor Meeting Notice. He instead listed the "35th District Court," the state court that had issued the judgment in favor of Mayflower, as the creditor. The 35th District Court therefore received notice of the bankruptcy proceedings, but Mayflower did not.

In April 2014, the bankruptcy court granted Butt a Chapter 7 discharge under 11 U.S.C. § 727. The discharge order did not separately list the debts discharged. On an attached "Explanation of Bankruptcy Discharge" sheet, it explained that "[s]ome of the common types of debts which are not discharged in a chapter 7 bankruptcy case are . . . debts which were not properly listed by the debtor." The 35th District Court received a copy of the discharge and marked on the docket, "DISCHARGE OF DEBTOR FILED." Nothing in the record indicates that Mayflower ever received a copy of the discharge.

Years later, in September 2018, Butt applied for a residential home loan through Hall Financial Group (Hall Financial). Hall Financial then ordered a credit report on Butt from FD Holdings, a company that resells information contained in the databases of multiple consumer-reporting agencies. The credit report showed that Experian, Equifax, and TransUnion all acknowledged that Butt had been discharged in bankruptcy. But the report also showed that LexisNexis had noted that Mayflower had a judgment against Butt in the 35th District Court, the status of which was unspecified. Butt alleges that Hall Financial denied his mortgage application on that basis, and that he was therefore "forced to seek the assistance [of] counsel to remedy the demonstrably false information."

Shortly thereafter, either Butt or his attorney contacted the 35th District Court about the status of the Mayflower judgment. A docket entry for that court shows the following entry on

October 3, 2018: "PURSUANT TO CALL FROM D02 [Plaintiff-Appellant], RAN PACER; THIS PLTF [Mayflower] IS **NOT** LISTED ON HIS CREDITOR MATRIX."

According to Butt's brief (although not mentioned in the Complaint), Butt's attorney then provided Hall Financial with the bankruptcy-case information and a copy of the state-court docket. Butt notes in his brief that Hall Financial subsequently approved his loan application.

## B.    Procedural history

In November 2018, Butt, on behalf of himself and a class "of similarly situated persons," filed the lawsuit now before us. He alleged that FD Holdings violated 15 U.S.C. § 1681e(b) of the FCRA through their "policy and practice of reporting false . . . information pertaining to consumers" and by "fail[ing] to maintain reasonable procedures to ensure maximum possible accuracy."

FD Holdings filed its motion to dismiss in February 2019. In June 2019, the district court granted FD Holdings's motion. It held that Butt failed to state a claim under Rule 12(b)(6) because he had not plausibly alleged that FD Holdings had (1) reported inaccurate information, (2) not followed reasonable procedures, or (3) caused him a cognizable injury. The court further concluded that any potential injury to Butt was caused by his own attorney's failure to properly list Mayflower as a creditor. It added that Butt, due to his lack of concrete injury and failure to establish a procedural violation of the FCRA, had failed to establish Article III standing.

## II.  ANALYSIS

## A.    Standard of review

We review de novo a district court's dismissal of a complaint for failure to state a claim under Rule 12(b)(6). *CBC Cos., Inc. v. Equifax, Inc.*, 561 F.3d 569, 571 (6th Cir. 2009). "To survive a motion to dismiss, a litigant must allege enough facts to make it plausible," and not

"merely possible[,] that the defendant is liable." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

So too must the litigant establish that he has standing to bring his claim. In order to demonstrate standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

**B.      The district court properly granted FD Holdings's motion to dismiss.**

The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). It provides a private right of action against a defendant who "willfully" or "negligently" fails "to comply with any requirement imposed under [the FCRA] with respect to any consumer." *Beaudry v. TeleCheck Servs., Inc.*, 579 F.3d 702, 705 (6th Cir. 2009) (quoting 15 U.S.C. § 1681n(a), o(a)).

The district court, quoting *Nelski v. Trans Union, LLC*, 86 F. App'x 840, 844 (6th Cir. 2004), explained that,

> [i]n order to state a claim for liability under Section 1681e(b), Plaintiff must prove that (1) the defendant reported inaccurate information about the plaintiff; (2) the defendant either negligently or willfully failed to follow reasonable procedures to assure the maximum possible accuracy of the information about the plaintiff; (3) the plaintiff was injured; and (4) the defendant's conduct was the proximate cause of the plaintiff's injury.

*Nelski* is an unpublished case, and this circuit has not yet adopted this four-factor test in a published opinion. But we need not base our decision on *Nelski* because this case can and should be disposed of on standing grounds.

Butt has failed to clearly allege facts demonstrating that his injury, if any, is fairly traceable to FD Holdings. He contends that he was harmed by the "false information" on his credit report because Hall Financial denied his mortgage application on the basis of this information and he was therefore "forced to seek the assistance [of] counsel to remedy" it. But he concedes that his mortgage application was ultimately approved, and the fact that he had to hire an attorney was a direct result of that same attorney's failure to properly list Mayflower on the required bankruptcy forms. Any injury that Butt conceivably suffered was therefore self-inflicted, which means that it was not "fairly traceable to the challenged conduct of the defendant." *See Spokeo*, 136 S. Ct. at 1547. Butt has thus failed to demonstrate that he has standing to bring this case.

## III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.